## GONDRAND SHIPPING CO., INC. *v.* UNITED STATES

**No. 5837.**—Invoices dated Budapest, Hungary, October 3, 1938, and March 2, 1939.
Entered at New York, N. Y., October 24, 1938, and March 20, 1939.
Entry Nos. 9695 and 24554.

(Decided March 4, 1943)

*Lamb & Lerch* (*John G. Lerch* and *Thomas J. McKenna* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Tilson, Judge: By the two appeals listed above there is presented for consideration and determination the question of the proper dutiable value of three items of merchandise, to wit: One item invoiced and entered at 20 cents and appraised at 36 cents, represented by exhibits A–1 and A–2; another item invoiced and entered at 26 cents and appraised at 46 cents, 8 mills, represented by exhibits B–1, B–2, and B–3; and a third item invoiced and entered at 30 cents and appraised at 54 cents, represented by exhibits C–1, C–2, and C–3. In each instance the invoice, entry, and appraisement is in United States currency.

At the beginning of the trial, counsel for the defendant, at the request of counsel for the plaintiff, made the following statement:

The Government will concede that the appraisement in these two cases was made on the basis of the export value of similar merchandise.

Later in the course of the trial counsel for the plaintiff called the examiner who passed the merchandise and showed by his testimony that the appraisement was made on the basis of export value. This is the basis of appraisement contended for by the plaintiff. All the evidence offered by the plaintiff tends to support this contention, and there is no evidence by the defendant to the contrary. I, therefore, find and hold that the proper basis of appraisement of the merchandise here involved is the export value.

By the testimony of the general director of the exporting company, counsel for the plaintiff showed that the exporter sold blouses, not only to the United States, but also to France, England, and "the different colonies in Africa;" that these blouses were freely offered for sale to the different countries and colonies in usual wholesale quantities at the same prices and on the same terms as the instant blouses, and that anyone and everyone could have bought at these prices and on these terms.

Q. And did you quote them the same price that you quoted George A. Horvath in the same quantities?—A. Yes.

It was also established by the plaintiff that the prices shown on the invoices are the prices which the importer actually paid for the merchandise. Witness also testified that:

Representatives came to my place in Budapest regularly, not only in 1938 and 1939, but all the time, and received quotations from me for different items that we manufactured.

It was further established that the principal market for merchandise, such as or similar to that here involved, was Budapest, Hungary, and that the usual wholesale quantity is from two to three dozen.

The evidence also tends to show that the price for this merchandise was the same regardless of the quantity sold, which would eliminate any question as to the usual wholesale quantity.

The report of the special agent, defendant's exhibit 3, strongly supports the value contended for by counsel for the plaintiff. The record also shows that merchandise, such as and similar to that here involved, was freely offered for sale and sold in the usual wholesale quantities and in the ordinary course of trade for consumption in Hungary at the same prices at which it was sold for export, which were the invoiced and entered values herein. It is also shown by the record that the merchandise upon which the appraiser based his appraisement of the merchandise in these two appeals was not such as or similar to the merchandise herein.

The record in this case is rather lengthy, consisting of 389 pages of testimonial record, a goodly portion of which is not pertinent to the question here involved, and numerous exhibits. After a careful consideration of the entire record I find and hold the proper dutiable export value of the three items of merchandise covered by these appeals to be the entered value, and that there was no higher foreign value. Judgment will be rendered accordingly.